UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

LARRY MCALLISTER                                    CIVIL ACTION

VERSUS                                              NO. 08-5174

WARDEN AL STRAIN                                    SECTION "F"(5)
DEPUTY OFFICERS ON STAFF

**REPORT AND RECOMMENDATION**

This matter was referred to a United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to 28 U.S.C. §636(b)(1)(B) and (C), §1915e(2) and §1915A, and as applicable, 42 U.S.C. §1997e(c)(1) and (2). Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing.

I.  **FACTUAL SUMMARY**

The plaintiff, Larry McAllister, is housed in the St. Tammany Parish Jail. Using the form provided to state prisoners for filing suit pursuant to 42 U.S.C. §1983, he filed this pro se and in forma pauperis complaint against the defendants, Warden Al Strain and unidentified deputy officers on staff seeking damages for alleged violations of his federal and state constitutional rights.

McAllister alleges that he was placed in a cold holding cell for seven days without a bed, bunk, or blanket. He also claims that he was unable to shower or practice his Christian religion. He asserts that the prison has a custom of holding inmates in this manner. He further alleges that he was a mental patient at Lakeview Mental Hospital in Ft. Walton Beach, Florida, and his records "came with me."[1]

According to the complaint and the attachments thereto, McAllister was in the holding cell from June 23, 2008 to June 30, 2008.[2] He also was a pretrial detainee during the beginning of this period, until June 26, 2008, when he was convicted.[3]

McAllister seeks $500,000 in compensatory damages, punitive damages, and a formal, public apology. He also wants the prison staff reprimanded and the prison policy and conditions changed.

## II. **STANDARDS OF REVIEW**

An in forma pauperis complaint may be dismissed if it is determined that the allegation of poverty is untrue, or if the action or appeal is frivolous, malicious, fails to state a claim for which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §1915(e)(2). The court has broad discretion in determining the

---

[1] Rec. Doc. No. 2, Complaint, p. 5, ¶IV.

[2] Id., p. 8.

[3] Id., p. 3, ¶III(A) (Date of Arrest and Date of Conviction).

2

frivolous nature of the complaint.  See Cay v. Estelle, 789 F.2d 318 (5th Cir. 1986), modified on other grounds by Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993).  In doing so, the court has ". . . not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); see also Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).  Thus, a complaint is frivolous "if it lacks an arguable basis in law or fact."  Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994) (citation omitted); Booker, 2 F.3d at 116.

**III. CONDITIONS IN THE HOLDING CELL**

McAllister alleges that, during seven days he was in the holding cell, he was deprived of a mattress and had no access to a shower.  He also indicates that he was subject to "extreme cold conditions," in spite of the fact that this incident occurred during the summer months.

Regardless of whether an inmate is a pretrial detainee or a convicted prisoner, the standard of liability is the same for episodic acts or omissions of jail officials of the type alleged in this case.  Olabisiomotosho v. City of Houston, 185 F.3d 521, 526 (5th Cir. 1999); Hamilton v. Lyons, 74 F.3d 99, 104 n.3 (5th Cir. 1996); Hare v. City of Corinth, 74 F.3d 633, 650 (5th Cir. 1996).

In Hare, the United States Fifth Circuit Court of Appeals held that the State owes the same duty under the Due Process Clause of the Fourteenth Amendment and under the Eighth Amendment to provide both pretrial detainees and convicted inmates with basic human needs and that a jail official's liability for episodic acts or omissions cannot attach unless the official had subjective knowledge of a substantial risk of serious harm to the inmate but responded with deliberate indifference to that risk. Hare, 74 F.3d at 641-42, 646. The phrase "deliberate indifference" means that a prison official is liable "only if he knows that the inmates face a substantial risk of serious harm and [he] disregards that risk by failing to take reasonable measures to abate it." Farmer v. Brennan, 511 U.S. 825, 847 (1994).

This standard applies to claims of inadequate jail conditions. See Hare, 74 F.3d at 650. To rise to the level of a constitutional violation, the conditions complained of must be "'so serious as to deprive [plaintiff] of the minimal measure of life's necessities,' in this case the basic human need for sanitary conditions." Alexander v. Tippah County, Miss., 351 F.3d 626, 630 (5th Cir.2003) (quoting Woods v. Edwards, 51 F.3d 577, 581 (5th Cir.1995)). However, "the Constitution does not mandate prisons with comfortable surroundings or commodious conditions." Talib v. Gilley, 138 F.3d 211, 215 (5th Cir.1998) (citing Rhodes v. Chapman, 452 U.S. 337, 349 (1981)).

McAllister's complaint that he was cold and without a blanket, mattress or bed for seven days does not reach the level of stating a constitutional violation. The provision of bedding falls within those matters committed to the sound discretion of prison administrators. Kot v. Matty, No. 90-7644, 1991 WL 246906, at *2 (E.D. Pa. Nov. 15, 1991), aff'd, 980 F.2d 723 (3d Cir. 1992). As such, federal courts have held in recent years that deprivation of bedding for a limited period of time is not per se unconstitutional. See Grissom v. Davis, 55 Fed. Appx. 756, 758 (6th Cir. 2003) (seven days without mattress, sheets or blanket not a deprivation of basic human needs and did not cause serious harm); O'Leary v. Iowa State Men's Reformatory, 79 F.3d 82, 84 (8th Cir. 1996) (sleeping with no mattress or blanket for four days on a concrete slab in cell located 10 feet from exterior door during winter did not deny plaintiff the minimal civilized measures of life's necessities); Seltzer-Bey v. Delo, 66 F.3d 961, 964 (8th Cir. 1995) (placement in strip cell without clothes, running water, mattress or blanket for two days not unconstitutional when there was no evidence that inmate suffered any injury or adverse health consequences or that jail officials knew of and disregarded an excessive risk to his health and safety); Williams v. Delo, 49 F.3d 442, 445 (8th Cir. 1995) (placement in strip cell without clothes, running water, mattress, pillow, sheets or blanket for four days,

when plaintiff sought no treatment for any resulting medical condition or injury, was not unconstitutional).

Consistent with this is the fact that the United States Fifth Circuit, the controlling precedent here, has <u>not</u> taken a position that would make it a constitutional violation to temporarily deny bedding or a mattress to an inmate, even a pretrial detainee. <u>Desroche v. Strain</u>, 507 F. Supp.2d 571, 580-81 (E.D. La. 2007) (Feldman, J.) (adopting Report and Recommendation surveying case law on similar conditions cases after the Prison Litigation Reform Act of 1996). McAllister has not alleged anything that would distinguish his temporary discomfort from the foregoing.

McAllister also complains that he was not able to shower during this period. Short term sanitation restrictions, however, although admittedly unpleasant, do not amount to a constitutional violation. <u>Whitnack v. Douglas County</u>, 16 F.3d 954, 958 (8th Cir. 1994); <u>Knop v. Johnson</u>, 977 F.2d 996, 1013 (6th Cir. 1992); <u>Robinson v. Ill. State Corr. Ctr.</u>, 890 F. Supp. 715, 720 (N.D. Ill. 1995). Serving time in prison "is not a guarantee that one will be safe from life's occasional inconveniences." <u>Holloway v. Gunnell</u>, 685 F.2d 150, 156 (5th Cir. 1982). It is settled that "jails must provide only reasonably adequate hygiene and sanitation conditions." <u>Burton v. Cameron County</u>, 884 F. Supp. 234, 241 (S.D. Tex. 1995) (citing <u>Green v. Ferrell</u>, 801 F.2d 765, 771 (5th Cir.1986)). Thus, the temporary unavailability of a shower, while

inconvenient, did not amount to a constitutional violation. See Wilson v. Lynaugh, 878 F.2d 846, 849 (5th Cir.1989).

Furthermore, the uncomfortable conditions that McAllister experienced for only a short time do not result in "sufficiently serious" conditions posing "a substantial risk of serious harm." Farmer, 511 U.S. at 834. In fact, McAllister does not allege that he was at risk of harm or suffered any harm or injury as a result of the conditions of the holding cell. The law does not entitle him to collect monetary damages for only emotional discomfort or damage arising from the conditions of his confinement without a prior showing of a physical injury. 42 U.S.C. §1997e(e); See e.g., Herron v. Patrolman #1, 111 Fed. Appx. 710, 2004 WL 2244220, at *2 (5th Cir. 2004); Harrison v. Smith, 83 Fed. Appx. 630, 2003 WL 22946387, at *1 (5th Cir. 2003); Criollo v. Wilson, 76 Fed. Appx. 576, 2003 WL 22295491 at *1 (5th Cir. 2003); Atkinson v. Johnson, 74 Fed. Appx. 365, 2003 WL 22012901 at *1 (5th Cir. 2003); Herman v. Holiday, 238 F.3d 660, 665 (5th Cir. 2001).

McAllister also seeks potential injunctive relief in the form of an apology, reprimand of the staff, and to "see the policy or condition change within the facility."[4] The Court has, however, resolved that McAllister's factual allegations about the conditions of the holding cell do not present a constitutional violation. He, therefore, has presented no allegation which would entitle him to

---

[4]Rec. Doc. No. 2, Complaint, p. 5, ¶V.

the injunctive relief he seeks. Moore v. Livingston, No. H-06-2135, 2006 WL 3447696 at *1 (S.D. Tx. Nov. 27, 2006) ("As no cognizable constitutional issue has been alleged, injunctive relief is not warranted."); see also, Kirby v. Johnson, 243 Fed. Appx. 877, 880 (5th Cir. 2007) (a speculative request for injunctive relief is not cognizable) (citing Carter v. Orleans Parish Public Schools, 725 F.2d 261, 263 (5th Cir. 1984)); and Nunez-Lincon v. Reese, 5:08cv174DCB-MTP, 2008 WL 4186927 (S.D. Ms. Sep. 8, 2008) (adopting Report and Recommendation which declined to grant request for injunctive relief arising from unsubstantiated §1983 claims of retaliation).

For the foregoing reasons, McAllister's claims arising from the conditions of his temporary confinement in the holding cell do not give rise to a federal constitutional violation. See Best-Bey v. Pa., No. 06-5515, 2008 WL 161214 (E.D. Pa. Jan. 16, 2008) (dismissing pretrial detainee's §1983 conditions claim that he slept on floor without a shower for three days). McAllister's §1983 claims should be dismissed as frivolous and otherwise for failure to state a claim for which relief can be granted.

## IV. **RELIGIOUS PRACTICES**

McAllister also complains that he was unable to practice his Christian religion during the seven days he was in the holding cell. "The Constitution requires that 'reasonable opportunities must be afforded to all prisoners to exercise ... religious

8

freedom.'" Green v. McKaskle, 788 F.2d 1116, 1126 (5th Cir. 1986) (quoting Cruz v. Beto, 405 U.S. 319, 322 n.2 (1972)). The Supreme Court has also determined that the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), 42 U.S.C. §2000cc-1, protects the rights of prisoners who are unable to freely attend to their religious observances and who are dependant on the government's permission and accommodation to do so. Cutter v. Wilkinson, 544 U.S. 709, 721 (2005).

Thus, while inmates retain some protections afforded by the First Amendment, the rights of all prisoners are necessarily restricted. "'Lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system.'" O'Lone v. Estate of Shabazz, 482 U.S. 342, 348 (1987) (quoting Price v. Johnson, 334 U.S. 266, 285 (1948)).

The propriety of limiting prisoners' First Amendment rights "arise[s] both from the fact of incarceration and from valid penological objectives--including deterrence of crime, rehabilitation of prisoners, and institutional security." O'Lone, 482 U.S. at 348. When an action by prison officials impinges on a prisoner's constitutional rights, "the regulation is valid if it is reasonably related to legitimate penological interests." Id., at 349; Cutter, 544 U.S. at 717 (addressing the deference given prison officials when applying the RLUIPA). Evaluation of these valid

penological objectives is committed to the judgment of prison administrators, and courts must afford deference to their evaluation. Id.

In this case, McAllister has not identified any restriction imposed, or an action by a prison official, which would constitute a substantial burden on his free exercise of his religion. See Baranowski v. Hart, 486 F.3d 112, 124 (5th Cir. 2007) (burden under RLUIPA is on the plaintiff to establish that a governmental action substantially burdened the exercise of religion). McAllister also has not indicated what, if any, particular religious practice was impacted while he was in the holding cell. Freeman v. Arpaio, 125 F.3d 732, 737 (9th Cir. 1997) (burden must be substantial and interfere with a tenet or belief that is central to religious doctrine); see also, Cutter, 544 U.S. at 725 n.13 (while a tenet need not be central to a prisoner's religion it must be sincere and authentic). Even if he did so, the short-term and sporadic interference with his ability to pray is not an unconstitutional or substantial burden on his religious exercise. See Canell v. Lightner, 143 F.3d 1210, 1215 (9th Cir. 1998).

He also has not alleged that he was prohibited from alternative means of exercising his beliefs, for example through personal prayer as opposed to formal services. See Hamilton v. Schriro, 74 F.3d 1545, 1551 (8th Cir. 1996) (no constitutional violation when inmate has alternative means, including prayer, for

practicing religion); Doty v. Williams, 995 F. Supp. 1081, 1083 (D. Ariz. 1998) (same) (citing O'Lone, 482 U.S. at 352).

McAllister fails to state a non-frivolous claim because no constitutional violation has been alleged in this context. Thompson v. Scott, 182 F.3d 915, 1999 WL 423105 at *1 (5th Cir. Jun. 4, 1999) (Table, Text in Westlaw) (affirming frivolous dismissal because conclusory arguments failed to demonstrate that a religious practice was infringed upon or that any infringement was unreasonable). His claims should be dismissed as frivolous and otherwise for failure to state a claim for which relief can be granted.

## V. VIOLATION OF STATE CONSTITUTIONAL LAW

McAllister also alleged that the actions of the defendants violated Louisiana constitution law. The "general rule" in the Fifth Circuit "is to decline to exercise jurisdiction over pendent state law claims when all federal claims are dismissed or otherwise eliminated from a case prior to trial." Batiste v. Island Records, Inc., 179 F.3d 217, 227 (5th Cir. 1999) (citation omitted); accord Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988) ("in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine ... will point toward declining to exercise jurisdiction over the remaining state-law claims").

The court is recommending dismissal of McAllister's federal claims brought under §1983 in their entirety as frivolous and otherwise for failure to state a claim for which relief can be granted. Therefore, McAllister's state law claims should be dismissed without prejudice to his ability to assert them in the appropriate state forum should he choose to do so, because the Court declines to exercise its supplemental jurisdiction. 28 U.S.C. §1367(c)(3).

## RECOMMENDATION

For the foregoing reasons, it is **RECOMMENDED** that McAllister's §1983 claims against the defendants, Warden Al Strain and deputy officers on staff, be **DISMISSED WITH PREJUDICE** as frivolous and otherwise for failure to state a claim for which relief can be granted pursuant to 28 U.S.C. §1915(e)(2)(b), §1915A(b)(1) and 42 U.S.C. §1997e(c).

It is further **RECOMMENDED** that McAllister's state law claims be **DISMISSED WITHOUT PREJUDICE** to his ability to pursue the claims in the appropriate state forum because the Court declines to exercise its supplemental jurisdiction.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual

findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. <u>Douglass v. United Services Auto. Assoc.</u>, 79 F.3d 1415 (5th Cir. 1996)(en banc).

New Orleans, Louisiana, this 21 day of January, 2009.

_____<br>
ALMA L. CHASEZ<br>
UNITED STATES MAGISTRATE JUDGE